One point urged by the Commercial Standard Insurance Company for a rehearing in the above two cases is that the award in both cases together exceeds the limit of liability fixed in the policy of $10,000 to any one person in any one accident. The award in favor of Mrs. Miller for $7,500 was for physical or bodily injuries suffered by her. The award of $3,046.61 in favor of Ernest Emil Miller was for damages to his car and medical and other expenses incurred by him on account of the injury to his wife.
It is clear that the amount awarded Mrs. Miller was a distinct award to her for bodily injuries suffered by her and the amount of damages awarded her belong to her separate estate. The amount awarded the husband was to reimburse the community for damage and expenses incurred on account of the accident. As we said in passing on the motion to transfer the Miller case to the Supreme Court, Miller was suing in a representative capacity to recover damages sustained by the community existing between himself and his wife, and appellate jurisdiction was determined from the fact that the liability incurred by the community arose out of the same circumstances which gave rise to the wife's separate claim. This fact does not keep the claims from being separate and distinct; one due the husband as head and master of the community, and the other due the wife as her separate estate.
Finding no error in the decrees entered in these two cases, the application for a rehearing in both cases is refused.